STEPHEN T. WAIMEY (SBN 87262)
*stephen.waimey@lhlaw.com*
YVONNE DALTON (SBN 216515)
*yvonne.dalton@lhlaw.com*
ANIKA S. PADHIAR (SBN 272632)
*anika.padhiar@lhlaw.com*
**LEE, HONG, DEGERMAN, KANG & WAIMEY**
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660
Telephone: 949.250.9954
Facsimile: 949.250.9957

WILLIAM F. KINIRY, JR. (*pro hac vice forthcoming)*
*william.kiniry@dlapiper.com*
MATTHEW A. GOLDBERG (*pro hac vice forthcoming)*
*matthew.goldberg@dlapiper.com*
**DLA PIPER LLP (US)**
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Telephone: 215.656.3300
Facsimile: 215.656.3301

Attorneys for Defendant,
PORSCHE CARS NORTH AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROY JONES and ALYCE RUBINFELD, individually and on behalf of a class of similarly situated individuals,

Plaintiffs,

v.

PORSCHE CARS NORTH AMERICA, INC.,

Defendant.

Civil Action No.: 2:15-CV-05766

**NOTICE OF REMOVAL**

Removed from the Superior Court of the State of California for the County of Los Angeles

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant, Porsche Cars North America, Inc. ("PCNA"), by its undersigned counsel, pursuant to 28 U.S.C. §§ 1332 1441, 1446, and 1453, and appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and any and all defenses available under federal and California law, gives notice of the removal of this action from the Superior Court of the State of California for the County of Los Angeles (Case No. BC586289) to the United States District Court for the Central District of California. PCNA states the following in support of removal:

## I. NATURE OF THE ACTION

1. On June 25, 2015, Plaintiffs, Roy Jones and Alyce Rubinfeld, filed a "Class Action Complaint" in the Superior Court of the State of California for the County of Los Angeles, naming PCNA as the sole defendant. (*See generally* Ex. A, Compl.)

2. Plaintiffs served PCNA with the Summons and Complaint on June 30, 2015. (*See* Ex. B, Service of Process Transmittal.)

3. In the Complaint, Plaintiffs attempt to assert, both individually and on behalf of a class of all persons who purchased or leased certain Porsche-branded vehicles in California, claims for violations of the Consumers Legal Remedies Act, violations of Unfair Competition Law, breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act, breach of implied warranty pursuant to the Magnuson-Moss Warranty Act, and unjust enrichment. (*See generally* Ex. A, Compl.)

4. Essentially, Plaintiffs claim that PCNA acted unlawfully by selling and leasing vehicles with an alleged "Windshield Glare problem" that, in their opinion,

constitutes an actionable defect. (*Id.* at ¶ 2.) Among other things, Plaintiffs claim that PCNA knew or should have known of the alleged defect and failed to notify Plaintiffs and the putative class of its dangerous propensities. (*E.g.*, *id.* at ¶¶ 49-58.) PCNA denies the allegations in the Complaint.

5. Plaintiffs seek multiple and wide-ranging forms of relief for themselves and the putative class (and two subclasses (*see id.* at ¶ 65)), including, but not limited to:

(a) compensatory damages;

(b) statutory damages;

(c) punitive damages

(c) injunctive, declaratory, and equitable relief; and

(d) attorneys' fees.

(*See id.* at ¶ 130(a)-(l).)

## II. THIS COURT POSSESSES SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(a) AND (d)

6. As set forth below, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Alternatively, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1332(d).

7. The action is properly removed to this Court because all applicable procedural requirements have been satisfied.

### A. Jurisdiction Is Proper Pursuant to 28 U.S.C. § 1332(a)

***The Matter Put in Controversy By Plaintiffs' Non-Class Claims Exceeds the Sum or Value of $75,000.***

8. Plaintiffs raise two causes of action based on PCNA's alleged breach of the implied warranty of fitness for an intended use or ordinary purpose. Specifically, the Third Cause of Action is raised under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code, § 1790 *et seq.*, and the Fourth Cause of

Action is raised under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

9. Both the Third and Fourth Causes of Action are rooted in and based on the same alleged acts or omissions.

10. Plaintiffs state in the Fourth Cause of Action that each of their claims for breach of implied warranties "meets or exceeds the sum or value of $25,000." (*Id.* at ¶ 121.)

11. In their "Relief Requested," Plaintiffs affirmatively seek "all remedies provided pursuant to the Song-Beverly [Consumer Warranty] Act, including California Civil Code section 1794." (*Id.* at ¶ 130(f).)

12. Section 1794 provides that each Plaintiff's "judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c).

13. Read together, it is fairly stated that each Plaintiff seeks at least $75,000 for alleged breaches of implied warranties: at least $25,000 for claimed common law violations and $50,000 in related statutory penalties.

14. Plaintiffs do not stop there. As set forth in the Complaint, they also seek:

(a) punitive damages under the Consumer Legal Remedies Act (Ex. A, Compl. at ¶ 89);

(b) disgorgement of profits (and any profits on those profits, *e.g.*, interest)(*id.* at ¶ 130(g));

(c) injunctive relief, including but not limited to: (1) an immediate halt of distribution and sales of Class Vehicles; and (2) a recall of all Class Vehicles under the NHTSA guidelines (*id.* at ¶ 130(c);

(d) attorneys' fees (*id.* at ¶¶ 130(h)-(i)); and

(e) an award of both pre- and post-judgment interest (*id.* at ¶

130(j)).

15. It is thus facially evident from the Complaint that each Plaintiff's aggregate demand exceeds $75,000 and satisfies 28 U.S.C. § 1332(a). *See Scott v. Frazier*, 253 U.S. 243, 244 (1920) (recognizing that the proper measure of the amount in controversy is "the jurisdictional sum as to each complainant").

***Plaintiffs and PCNA are Citizens of Different States***

16. The named Plaintiffs are citizens of the State of California. (*See* Ex. A, Compl. at ¶¶ 16, 23.)

17. PCNA is incorporated under the laws of Delaware and maintains its principal place of business in Atlanta, Georgia, and is thus a citizen of both Delaware and Georgia. (*See id.* at ¶ 30). *See also* 28 U.S.C. § 1332(c)(1); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 89-91 (2010)) (defining "principal place of business).

18. Thus, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied here.

***No Exceptions to this Court's Jurisdiction Apply.***

19. The exception to jurisdiction stated in 28 U.S.C. § 1441(b)(2) does not apply here because PCNA is not a citizen "of the State in which [the] action [wa]s brought."

20. No other jurisdictional exception applies.

**B. Jurisdiction Is Proper Pursuant to 28 U.S.C. § 1332(d)**

***The proposed class includes at least 100 putative class members.***

21. Plaintiffs purport to bring a class on behalf of a class of all persons in the State of California who have purchased or leased vehicles "designed, manufactured, marketed, distributed, sold, warranted, leased, and serviced by" PCNA that are or were equipped with beige-colored dashboards. (*See* Ex. A, Compl. at ¶ 65.)

22. Plaintiffs' purported class is unbounded by time. It is similarly unbounded by make, model, or model year.

23. As of July 22, 2015, and since 1998, authorized Porsche dealerships have sold more than 1,429 Porsche-branded vehicles with beige-colored dashboards to consumers in the State of California. (*See* Ex. C, Decl. of Tim Quinn, ¶ 8.) Thus, the putative class consists of more than 100 class members, which satisfies the requirement of 28 U.S.C. § 1332(d)(5)(B).

***PCNA's citizenship differs from that of at least one member of the putative class.***

24. The named Plaintiffs are citizens of the State of California. (*See* Ex. A, Compl. at ¶¶ 16, 23.)

25. As set forth above, PCNA is a citizen of both Delaware and Georgia. (*See id.* at ¶ 30). *See also* 28 U.S.C. § 1332(c)(1); *Harris*, 682 F.3d at 851.

26. Thus, the diversity requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

***The amount in controversy exceeds five million dollars.***

27. As set forth below, Plaintiffs' request damages for replacement/repair, (which would alone exceed $5 million), as well as injunctive relief, disgorgement of profits, punitive and statutory damages. In the Relief Requested, Plaintiffs seek:

(a) an order "compelling [PCNA] to remove, repair and/or replace the Class Vehicles'" allegedly defective components, *i.e.*, the beige-colored dashboards. (*See, e.g.*, Ex. A, Compl. at ¶ 130(c).) PCNA estimates that the cost of such removal, repair, and/or replacement falls between $3,500 and $5,000 per vehicle, depending on the model vehicle and its features. (*See* Ex. C., Decl. of Tim Quinn, ¶ 6.) Multiplying the lower end of that range of costs by the lowest possible number of putative class vehicles—*i.e.*, 1,429 (*see id.* at ¶ 8)—totals $5,001,500.

(b) a Court-ordered recall of all putative class vehicles. (*See, e.g.*, Ex. A, Compl. at ¶ 130(c).)

(c) disgorgement of all profits from the sale or lease of class vehicles. (*See* Ex. A, Compl. at ¶ 130(c).)

(d) an order barring PCNA from distributing, selling, or leasing Class Vehicles in the State of California. (*See id.* at ¶ 130(c).)

(e) statutory damages. (*See id*. at ¶ 130(e).)

(f) punitive damages. (*See id.*; *see also id.* at ¶ 89.)

28. Accordingly, the amount-in-controversy requirement established by 28 U.S.C. § 1332(d)(1)(D)(2) is satisfied here.

**III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

29. This is a civil action within the meaning of the Acts of Congress that relate to removal of cases.

30. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the June 30, 2015 receipt of the Summons and Complaint by PCNA.

31. Pursuant to 28 U.S.C. §§ 1441(a), venue is proper in this Court as the action is currently pending in the Superior Court of the State of California, County of Los Angeles, which is located in the Central District of California.

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of the State of California for the County of Los Angeles. A copy of the Notice to the Superior Court is being served on Plaintiffs and, without exhibits, is attached hereto as Exhibit D.

33. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" PCNA are attached as Exhibit B.

34. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met. If any questions arise as to the propriety of the removal of this action,

PCNA requests the opportunity to present a brief, oral argument, and, as necessary, further evidence in support of its position that this case is removable to this Court.

**WHEREFORE**, Defendant, Porsche Cars North America, Inc., removes this case to the United States District Court for the Central District of California, being the District for the county in which this action is pending, and respectfully requests that the filing of this Notice of Removal in this Court and with the Superior Court of the State of California for the County of Los Angeles shall effect removal of this case to this Court, and that no further proceedings be had in this case in the Superior Court of the State of California for the County of Los Angeles.

Dated: July 30, 2015

Respectfully submitted,

By: /s/ Stephen T. Waimey

Stephen T. Waimey
*stephen.waimey@lhlaw.com*
**LEE, HONG, DEGERMAN, KANG & WAIMEY**
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660
Telephone: 949.250.9954
Facsimile: 949.250.9957

and

*Pro Hac Vice forthcoming:*
William F. Kiniry, Jr.
*william.kiniry@dlapiper.com*
Matthew A. Goldberg
*matthew.goldberg@dlapiper.com*
**DLA PIPER LLP (US)**
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Telephone: 215.656.3300
Facsimile: 215.656.3301

*Attorneys for Defendant,*
*Porsche Cars North America, Inc.*

CERTIFICATE OF SERVICE

I, Melissa Wells, declare as follows:

I am employed in the County of Orange, State of California by the law firm of Lee, Hong, Degerman, Kang & Waimey (the "Firm"). I am over the age of 18 years and not a party to the within action. My business address is 3501 Jamboree Road, Suite 6000, Newport Beach, CA 92660. On July 30, 2015, I served on all interested parties the foregoing document described as:

**NOTICE OF REMOVAL and EXHIBITS A - D**

as follows:

**SEE ATTACHED SERVICE LIST**

**_XX_ Service by Mail (Federal Rule of Civil Procedure, Rule 5(b)(2)(B)).** I am "readily familiar" with this firm's business practice for the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day with postage thereon fully prepaid at Irvine, California. Each sealed envelope was placed for collection and mailing on that date following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**_XX_ Service by Electronic Transfer.** By causing all of the pages of the above entitled document to be sent to the interested parties noted herein via electronic transfer at the respective email addresses on the attached Service List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on July 30, 2015, at Newport Beach, California.

MELISSA WELLS

**SERVICE LIST**

Jordan L. Lurie, Jordan.Lurie@capstonelawyers.com
Robert Friedl, Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy, Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett, Cody.Padgett@capstone1awyers.com
Capstone Law APC
1840 Century Park East, Suite 450
6 Los Angeles, California 90067
Attorneys for Plaintiffs Roy Jones and Alyce Rubinfeld

William F. Kiniry, Jr., william.kiniry@dlapiper.com
Matthew A. Goldberg, matthew.goldberg@dlapiper.com
DLA PIPER LLP (US)
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Attorneys for Defendant