NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY JONES and ALYCE RUBINFELD, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No.: 2:15-CV-05766-GW-SS<br>Assigned to the Hon. George H. Wu<br><br>Discovery Document: Referred to Magistrate Judge Suzanne H. Segal<br><br>[~~PROPOSED~~] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT |

Having considered Plaintiffs Roy Jones and Alyce Rubinfeld and Defendant Porsche Cars North America, Inc.'s ("PCNA") Joint Stipulation for Protective Order, and GOOD CAUSE appearing, IT IS HEREBY ORDERED that the following rules and procedures shall govern the handling of confidential information during this litigation:

1. **BACKGROUND**

    A.   **Purposes and Limitations**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public

- 1 -
[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER

disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   Good Cause Statement

This action is likely to involve confidential, business sensitive, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, trade secrets, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, technical, marketing, planning or commercial information (including information implicating privacy rights of third parties), personal and private information regarding owners and lessees of Porsche vehicles, information otherwise generally unavailable to the public, and/or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Private and personal information includes street addresses and former street addresses for natural persons, Social Security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. To the extent any party believes that another country's law or procedural rule provides applicable protections that vary from the Federal Rules of Civil Procedure, such party will provide notice of that other country's law or procedural rule and of its applicability to documents that are not otherwise protected by United States law or procedure. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 Action: means *Roy Jones, et al. v. Porsche Cars North America, Inc.*, pending in the United States District Court, Central District of California, Case No. 2:15-cv-05766-GW-SS.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel, as defined below (including support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action, but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any notes, lists, memoranda, or information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Discovery Material containing Confidential Information shall be used solely in connection with proceedings in this litigation, including any appeal and shall not lose its status as Confidential through such use. Counsel shall comply with all applicable local rules and shall confer on procedures that are necessary to protect the confidentiality of such material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, [subject to L.R. 79-7 — handwritten] Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after final disposition of this litigation to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – Roy Jones et al. v. Porsche Cars North America, Inc. – Case No. 2:15-cv-05766-GW-SS" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). The Receiving Party shall

exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, also include the CONFIDENTIAL legend.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) written notice served on counsel of record in this Action within thirty (30) days after the receipt of the transcript of such proceeding. During the thirty (30) day period, all testimony, exhibits, and transcripts shall be considered confidential. The court reporter shall operate in a manner consistent with this Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information.

(c) for information produced in some form other than documentary and for any other tangible items (i.e., non-written materials), that the Producing

Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). In addition, the Producing Party shall use its best efforts to affix the legend to any electronic, visual, or other medium so that the legend is visible while the medium is being viewed. These provisions also apply to any copies or excerpts of such non-written material.

5.3   Inadvertent Failures to Designate. An inadvertent failure to designate information or items as confidential does not constitute a waiver of the right to secure protection under this Order for such material. This failure may be remedied by providing written notice to the other party within ten (10) days upon discovery of the inadvertent disclosure and providing properly designated replacement documents or materials, with the effect that such Discovery Material will be subject to the provisions of this Order. The non-designated Discovery Material shall be promptly returned to the Designating Party or destroyed.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled pursuant to this Order until the Court rules on the challenge.

///

///

[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party or Non-Party is served with a subpoena, court order, discovery request, or any other demand ("Demand") that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party or Non-Party must:

(a) notify in writing the Designating Party within three (3) business days, if the Protected Material was produced or designated as Confidential by someone other than the Party or Non-Party receiving a Demand. Such notification shall include a copy of the Demand;

(b) notify in writing within three (3) business days, the party who caused the Demand to issue in the other litigation that some or all of the material covered by the Demand is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

///

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party or Non-Party served with the Demand shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the Demand issued, unless the Party or Non-Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of timely seeking protection in that court of its confidential material. If a judge of a court of competent jurisdiction issues an order directing production of Confidential Information pursuant to the Demand, then compliance with that order shall not constitute a violation of this Order. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) Any party issuing a subpoena to a Non-Party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the Non-Party either request protection of this Protective Order, or notify the issuing party that the Non-Party does not need protection of this Protective Order or seeks different protection.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent production of such material, including Protected Material, shall not constitute a waiver of Producing Party's claim in this Action or otherwise that such material is privileged or otherwise non-discoverable and this Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d).

## 12. REDACTION ALLOWED

Any Producing Party may redact from documents and things it produces any information, text, or other matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, private and personal information as identified in Section 1.B., except to the extent it is necessary for class certification. The Producing Party shall mark each thing where the matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, each page on which information has been redacted shall be so marked.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek other relief or further relief from the Court in the future with respect to this Order.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 **Filing Protected Material.** The Parties will comply with Civil Local Rule 79-5 to file Protected Material under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4 **Additional Parties.** In the event additional parties join or intervene in this Action, they shall not have access to Confidential Information until its counsel has executed its Agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access until they execute the Agreement.

13.5 **Headings.** The headings herein are provided only for convenience of the parties, and are not intended to define or limit the scope of the terms of this Order.

## 14. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, which includes all persons identified in Section 7.2, excluding the Court, court personnel and court reporters, must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

- 13 -
[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER

returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). and LR 79-7. SdS

15. **VIOLATIONS OF PROTECTIVE ORDER.**

Any violation or threatened violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: 1/27/16

_____
Hon. Suzanne H. Segal
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Roy Jones, et al. v. Porsche Cars North America, Inc.*, 2:15-cv-05766-GW-SS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____